## MARTIN . *v.* FALES, *& a.*

If the payee and holder of a joint and several note, payable to him, or bearer, transfer the note and put his name on the back, agreeing to be held as maker, the original makers of the note cannot be charged in an action brought by the holder against them and the payee jointly.

ASSUMPSIT, for money had and received by the defendants to the plaintiff's use.

To sustain the action the plaintiff offered in evidence a promissory note, as follows:

"Lyme, October 4, 1848.

"For value received of James Heaton, we jointly and severally promise to pay him, or bearer, seventy dollars, payable in one year from date, and interest.

"Signed,          Orrin Fales,
                  George Fales."

On the back of the note is the following:

"James Heaton, surety."

The plaintiff offered to prove that at the time Heaton put his name on the back of the note, as aforesaid, and passed the same to the plaintiff, which was not many days after the note was made, he agreed to be surety for said Orrin and George Fales, and would have put his name directly under theirs, instead of placing it upon the back of the note, but there was not room upon the paper. This evidence was excepted to and ruled out by the court.

It appeared that James Heaton, one of the defendants, is the same person who is payee of the note, and who placed his name on the back of the same, as aforesaid.

The court being of opinion that the plaintiff's evidence did not sustain his declaration, ordered a nonsuit, on which judgment was to be entered, or the nonsuit set aside and judgment entered for the plaintiff for the amount of the note and interest, as the opinion of this court should be upon the case.

*Sargent*, for the plaintiff. 1. The evidence ruled out should

have been admitted. It tended to shew the true sense of the written words as the parties used them, and not to vary or contradict the terms of a written agreement. 1 Greenl. Ev. 277, and notes 282, 286 and 287; 1 Phillips' Ev. 562 and 563; 3 Cowen & Hill's Notes to Phillips, 1399, 1408 and 1473; *Lawrence* v. *Dale*, 11 Vermont 549; *Sanford* v. *Norton*, 14 Vermont 228; *Wallace* v. *Rogers*, 2 N. H. Rep. 506; *Josselyn* v. *Ames*, 3 Mass. 274; *Storer* v. *Logan*, 9 Mass. 55; *Birchard* v. *Bartlett*, 14 Mass. 279; *Austin* v. *Boyd*, 24 Pick. 64. This evidence was also admissible, as tending to shew the plaintiff's interest in the note.

2. Though it is settled that when a person not a party to a note puts his name upon it, he is holden as an original promisor or surety, or not at all, (*Austin* v. *Boyd*, 24 Pick. 64,) and that when the payee of a note signs his name upon it, without any words to shew what the contract was, he would be holden as indorser or guarantor; still, there is nothing in reason, or in any of the decisions, which tends to shew that the payee of a note payable to bearer may not make a contract with the subsequent owner and bearer of the note, to be holden to him as an original promisor or surety.

This was the contract made by Heaton in this case, as the writing clearly shows on the note; and being bound himself to this agreement by the writing he signed on the note, the agreement and the signing of the note relate back, and give the plaintiff an action on the note against them all, when it becomes due. *Martin* v. *Boyd*, 11 N. H. Rep. 385; *Carter* v. *Burley*, 9 N. H. Rep. 558; *Elliot* v. *Abbott*, 12 N. H. Rep. 549; *Barry* v. *Morse*, 3 N. H. Rep. 132; *Nichols* v. *Parsons*, 6 N. H. Rep. 30; *Barrows* v. *Lane*, 5 Vermont 161; *Flint* v. *Day*, 9 Vermont 345; *Nash* v. *Skinner*, 12 Vermont 219; *Sanford* v. *Norton*, 14 Vermont 228; *Hunt* v. *Adams*, 5 Mass. 358; *Hunt* v. *Adams*, 6 Mass. 519; *Moses* v. *Bird*, 11 Mass. 440.

*Kittredge*, for the defendants. The payee of a note, payable to himself or bearer, may transfer it by indorsement, and in

that case he is liable as indorser. Chitty on Bills, § 200, p. 237. The defendant, Heaton, then, if he indorsed the note, was liable as indorser, and the question is whether he is indorser or maker. Whether indorser or maker is to be determined by the instrument itself. If there is any ambiguity, it is patent, and cannot be explained by parol. 1 Greenl. Ev., §§ 297 and 300.

The time when he put his name on the note, and some other attending circumstances, might be proved by parol; but what the act shall be, cannot be so proved. An agreement to be holden as principal can no more be proved by parol than an agreement to be liable without demand and notice. *Barry* v. *Morse,* 3 N. H. Rep. 132.

The evidence offered, then, was rightfully excluded, and according to the case there must be judgment for the defendants.

But Heaton was indorser and not maker. When a person not a party to a note puts his name on the back of it at its inception, he is held as original promisor; but not, if at a subsequent time. *Hodgkins* v. *Bond,* 1 N. H. Rep. 284; *Tenney* v. *Prince,* 4 Pick. 385; *Martin* v. *Boyd,* 11 N. H. Rep. 385. Heaton put his name on the back of the note after its inception, at the time of the transfer, and as the act of transfer. This makes him indorser. *Martin* v. *Boyd,* 11 N. H. Rep. 385. Had this note been payable to Heaton, or order, and his name put on it precisely as it is now, he must have been held to be indorser. In that case he could not have been held to be maker; if so, no action could have been maintained against him; as there would have been no transfer of the legal title in the note, he must have been sued in his own name. This view of the question settles it, because it cannot be that the same act would in one case make him indorser and the other maker. *Savage* v. *Rix,* 9 N. H. Rep. 263.

If Heaton is liable as maker, or guarantor, he cannot be charged jointly with the others; they never have made any joint contract. *Savings Bank* v. *Colcord,* 15 N. H. Rep. 119.

PERLEY, J. The note upon which this action is founded was

made payable to James Heaton, one of the defendants, or bearer; was joint and several, and signed by the other defendants, Orrin and George Fales. It was delivered to Heaton upon a consideration which passed from him, and was a complete security in his hands, upon which the makers owed him seventy dollars, payable in one year. It was a contract with him upon which, after the time limited for payment, he could have maintained an action against the makers, if he had retained the note; and if he had assigned it by delivery or indorsement, the holder would have been substituted in his place, and the note would have been payable according to its terms and legal effect to the bearer. This was the original contract made by George and Orrin Fales.

The contract on which the plaintiff sues is a joint contract by the original makers of the note and the payee, to pay her the sum named in the note. She claims as on an original contract made jointly by all the defendants, and she must shew that such a contract was made, otherwise she cannot recover in this action.

There is nothing in the case from which it can be inferred that when Orrin and George Fales signed the note, it was agreed or understood by them that Heaton should add his name and transfer the note to the plaintiff, or any other person, as the joint and several note of the defendants. At the time when Heaton set his name on the note, it was a perfect note due to him. Nor is this the case of a note put into the hands of a nominal party for the purpose of being afterwards, upon indorsement or the addition of new names, delivered to take effect as a security upon that delivery. In such cases there is no contract completed till the subsequent delivery. If a note is drawn, payable to a bank or any other payee, and is in terms such as would allow of additional signatures, and is signed by one party and entrusted to another, or to the person who expects to raise money on it, it may well be understood that other parties are to be procured to sign it before it is delivered to a real holder, and that all who may sign are to be held jointly, or jointly and severally, according to the terms of the note. *Awde* v. *Dixon*, 20 Law J. Rep. (N. S.) Ex. 295, 5 Law and Eq. Rep. 512.

But this contract was completely made and the security perfect in the hands of the payee. By that contract the makers were liable to the payee, or other legal holder of the note, jointly and severally, but they were not liable jointly with the payee.

There is no evidence in the case of any assent by the original makers of the note to the new contract, on which they are sought to be charged. And we cannot see, in the nature of this negotiable security, any way in which legal authority can be implied to bind them by another and different contract. There is nothing to shew that the plaintiff was deceived when she took the note. It was in the usual shape of a complete security, payable and due to the payee, and he transferred it to her as such. We are at a loss to discover any ground the plaintiff could have had to suppose that the payee was authorized to change entirely his relation to the note, and, instead of the payee, entitled to receive the money, transform himself into a joint and several maker with the other defendants, so as to bind them to the new contract.

The original makers of the note made and completed their contract when they signed it; the other defendant made no contract till he put his name on the back. If the payee could thus make himself an original joint promisor, a few days after the note was made by the other signers, he might at any indefinite period of time afterwards. If the plaintiff can recover in this action, it is upon the ground that there is one joint and several contract by all the defendants. Yet it is plain that if the note were payable on demand, without any new promise, there would be a different limitation of the action as to the different defendants. The action would accrue against the original makers from the date of the note, but against the other defendant from the time when, on transferring the note, he set his name on the back.

When the original makers became parties to the note, they entered into an implied contract with each other that they would contribute equally to its payment; but they made no such contract with the payee; still less did they contract that he might sign the note as surety for them and claim the whole amount in that character, if he paid it to his indorsee or another holder.

Martin *v.* Fales.

The difference between the direct liability of the makers to the payee, and their implied and consequential liability to a surety, is very material. The action of the surety would accrue upon his payment of the money, which might be after the original liability of the makers was barred by the statute ; for the payee, signing after the original makers, might be compelled to pay in a suit commenced after the action against the makers was barred.

If the evidence offered had been admitted, it would not have proved the joint contract on which the plaintiff has declared. If the signature of Heaton would bind him as an original maker, it cannot charge the defendants jointly with him, because they were not parties to his contract. Their contract was with Heaton, and different in terms and in legal effect from that upon which they are sued.

Even if Heaton had not been the payee of the note, his signature having been put upon it after it was made and delivered as an operative security, the original makers could not be held jointly with him. Story on Prom. Notes, § 57; *Bank* v. *Colcord,.* 15 N. H. Rep. 119. We have not put the decision of this point upon any distinction between signing on the back and at the bottom. There is a great number of cases in which questions of much difficulty have arisen as to the liability of parties who place their names in various ways and under different circumstances on the back of notes. The decisions are confused and conflicting. The rule which excludes parol evidence to control or vary written contracts, appears to have been in some instances relaxed or evaded, and the perplexity and uncertainty which that rule is intended to prevent, have followed as the necessary consequence. See opinion of *Hosmer*, J., in *Beckwith* v. *Arnold*, 6 Conn. Rep. 315.

This case does not call upon us to enter into the discussion of these embarrassing questions, and we are not disposed to anticipate the task. No authority has been cited, or has been found, which shews that the plaintiff can charge the defendants, Orrin and George Fales, as joint contractors with Heaton, the payee on this note, on the facts stated in the case.

*Judgment on the nonsuit.*